BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -5 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE TEXAS INSTRUMENTS INC.    )          DOCKET NO. 313
EMPLOYMENT PRACTICES LITIGATION )

12/5/77

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of two actions pending in two
federal districts:  one in the Southern District of Texas
and one in the Northern District of Texas.

The plaintiff in the Southern District of Texas action
is a Spanish-surnamed individual employed by Texas Instruments
Incorporated (TI) at its manufacturing facility in Stafford,
Texas, a suburb of Houston.  TI is the sole defendant in
this action.  Plaintiff alleges that TI has engaged in a
pattern and practice of employment discrimination on the basis
of race and national origin.  This action was commenced as
a class action under Rule 23(b)(2), Fed.R.Civ.P., on behalf
of all Blacks and Spanish-surnamed Americans who are
employed by TI at any of its facilities in the United States.

_____

*  Judge Lord took no part in the decision of this matter.

On October 13, 1977, however, leave to proceed as a class action was denied, and the action is therefore proceeding as an individual action.

The Equal Employment Opportunity Commission (EEOC) is the plaintiff in the Northern District of Texas action. The EEOC alleges, inter alia, that defendant TI committed the following forms of employment discrimination at its Dallas and Austin, Texas facilities:  (1) discrimination on the basis of race against Blacks through hiring, promotion and discharge; (2) discrimination on the basis of sex against males in hiring and in the maintenance of sex-segregated job classifications; (3) promotion discrimination on the basis of national origin against Spanish-surnamed Americans; and (4) discrimination against females with respect to maternity leave and benefits policy. 1/

---

1/  The EEOC has moved for leave to file a supplemental complaint which would expand the issues in this action to include the following allegations as to TI's Dallas and Austin sites:  (1) discrimination on the basis of race against Blacks through training, recruitment and placement; (2) discrimination on the basis of sex against females through promotion, training, recruitment and placement; and (3) discrimination on the basis of national origin against Spanish-surnamed Americans through hiring, training, recruitment and placement.  The EEOC's supplemental complaint also seeks to raise a Texas-wide claim on the issue of TI's maternity leave and benefits policy.  The motion for leave to file this supplemental complaint has been briefed, argued and submitted for decision.

Plaintiff in the Southern District of Texas action moves the Panel for an order pursuant to 28 U.S.C. §1407 transferring that action to the Northern District of Texas for coordinated or consolidated pretrial proceedings with the action pending there.   TI opposes transfer.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer.

Movant argues that these actions share numerous questions of fact concerning widespread employment discrimination by TI. Thus, movant asserts, absent Section 1407 proceedings, there is a danger of duplicative discovery and conflicting rulings on pretrial matters.

We find these arguments unpersuasive.   Although the scope of the complaint in the Southern District of Texas action is somewhat unclear because of the recent decision concerning the class action allegations in that complaint, we recognize that the two actions before us may at least share some questions of fact concerning TI's alleged employment discrimination on the basis of national origin against Spanish-surnamed Americans.   Nevertheless, only two actions are involved here and we are not convinced that these common

factual questions are sufficiently complex or that the accompanying discovery on those issues will be so time consuming as to justify transfer under Section 1407. See In re Southern Railway Employment Practices Litigation, ____F. Supp.____,____ (J.P.M.L., filed December 1 , 1977) (slip opinion at 3); In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

We observe that suitable alternatives to Section 1407 transfer are available to all parties in this litigation, should the need for coordination between the two actions arise. Concerning the possibility of duplicative discovery, for example, notices for a particular deposition could be filed in both actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that all discovery relevant to both actions may be used in both actions;  and any party could seek orders from the two courts directing the parties to coordinate their pretrial efforts.  See  In re Commercial Lighting Products, Inc. Contract Litigation, 415 F. Supp. 392, 393 (J.P.M.L. 1976). See also Manual for Complex Litigation, Part I, §3.11 (rev. ed. 1977).  In addition, consultation and cooperation between the two concerned district courts, if deemed appropriate by those courts, coupled with the cooperation of the parties,

would be sufficient to minimize the possibility of conflicting
pretrial rulings.  See <u>In re Southern Railway Employment Practices
Litigation</u>, <u>supra</u>, _____ F. Supp. at _____ (slip opinion at 3-4).

IT IS THEREFORE ORDERED that the motion to transfer
the actions listed on the following Schedule A be, and the
same hereby is, DENIED.

SCHEDULE A  -- Docket No. 313

| NORTHERN DISTRICT OF TEXAS | Civil Action No. |
|---|---|
| Equal Employment Opportunity Commission v. Texas Instruments, Inc. | CA3-75-1093-G |

| SOUTHERN DISTRICT OF TEXAS | |
|---|---|
| Augustine V. Jalomo v. Texas Instruments, Inc. | 76-11-1119 |